UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RAYMOND HENTZ,

               Plaintiff,

v.

MILWAUKEE COUNTY JAIL,
NURSE HAILEY, and OFFICER
WILBOURN,

               Defendants.

Case No. 16-CV-981-JPS

**ORDER**

      The plaintiff, who is incarcerated at Milwaukee County House of Corrections, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. (Docket #1). This matter comes before the Court on the plaintiff's motion to proceed *in forma pauperis*. (Docket #2). The plaintiff has been assessed and paid an initial partial filing fee of $4.91. 28 U.S.C. § 1915(b)(4).

      The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

      A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*,

490 U.S. 319, 325 (1989); *Gladney v. Pendelton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327; *Gladney*, 302 F.3d at 774. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003) (citations omitted); *accord Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts, and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see Christopher v. Buss*, 384 F.3d 879, 881 (7th Cir. 2004). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief

above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted); *Christopher*, 384 F.3d at 881.

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the Court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The plaintiff alleges that on April 13, 2016, while he was being booked into the Milwaukee County Jail (the "Jail"), defendant Nurse Hailey ("Hailey") "lied and told the defendant [O]fficer Wilbourn [("Wilbourn")] that I had no medical restrictions[.]" (Docket #1 at 3). He further states that another nurse, Nurse Christian, had ordered for him various medical restrictions, including a "lower bunk, lower teir [sic], and lactose intolerant

diet[.]" *Id.* The plaintiff does not say when Nurse Christian made those recommendations or if Hailey ever knew about them.

The plaintiff then alleges a series of interactions with Wilbourn. It appears that soon after Hailey's alleged lie about the plaintiff's medical restrictions, Wilbourn ordered the plaintiff to use an upper bunk on an upper tier, or else he would be placed in segregation (known as "the hole"). *Id.* at 3. The plaintiff showed Wilbourn a bullet wound in his leg as proof that he needed a medical restriction. *Id.* at 4. Wilbourn went to check with a "Lt. Solomon" ("Solomon"), who said he would see what could be done for the plaintiff. *Id.* Wilbourn returned and told the plaintiff that he was being taken to the hole. *Id.* While there, Wilbourn pressed on the plaintiff's arms "for no reason" and rammed his knee into the plaintiff's bullet wound, causing him great pain. *Id.* The plaintiff was put in the hole for seven days without a prior hearing. *Id.*

Later, on May 19, 2016, Wilbourn shouted at the plaintiff in the lunch hall. *Id.* The plaintiff maintains that he was fearful of being taken back to the hole or being physically harmed again. *Id.* at 4-5. On June 1, 2016, Wilbourn had another aggressive confrontation with the plaintiff, again putting him in fear of being hit. *Id.* at 5. The plaintiff alleges that Wilbourn had to be restrained by his fellow officers. *Id.* Wilbourn later told the plaintiff, "I'm going to get you." *Id.*

The plaintiff states his claims as follows: "[1] violation of their own due process by not giving me a hearing [and] putting me in the hole for no reason, [2] [t]hreats by an officer [and] harassment by an officer, [3] [a]ssult [sic] by an officer, [and] [4] denial of medication leading to a medical

Page 4 of 8

Case 2:16-cv-00981-JPS   Filed 12/05/16   Page 4 of 8   Document 8

emergency before I could get the proper medication[.]" *Id.* at 6. He states that he also wants the Court to order the terminations of Wilbourn, Hailey, and Solomon. *Id.*

The plaintiff states only two viable claims, both against Wilbourn. First, the plaintiff may proceed on an excessive force claim against Wilbourn for pressing his arm and striking his bullet wound area allegedly without reason. *Hudson v. McMillian*, 503 U.S. 1, 6–7 (1992)("[W]e hold that whenever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is that set out in *Whitley*: whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."). Second, he may assert a claim for Wilbourn's alleged harassment. Though "most verbal harassment by jail or prison guards does not rise to the level of cruel and unusual punishment," it can when the harassment threatens physical assault or causes severe psychological harm. *Beal v. Foster*, 803 F.3d 356, 357–59 (7th Cir. 2015). The Court cannot say, at the screening stage, that Wilbourn's harassment is clearly below the required threshold.

The remaining defendants and claims must be dismissed. As to the Jail, the plaintiff does not allege that any policy or practice of the Jail led to the harms visited upon him by the individual defendants. *Thomas v. Cook Cnty. Sheriff's Dep't*, 604 F.3d 293, 303 (7th Cir. 2009). Because the Jail cannot be liable simply because its employees committed a constitutional violation, the Jail must be dismissed. *Monell v. Dep't of Soc. Servs. Of City of New York*, 436 U.S. 658, 691 (1978). As for Hailey, it appears that the plaintiff wishes to state a medical "deliberate indifference" claim against her. He fails to do so

because he does not allege that Hailey knew that he needed certain medical restrictions and intentionally, or recklessly, failed to tell Wilbourn of the same. *Arnett v. Webster*, 658 F.3d 742, 750–51 (7th Cir. 2011). Further, he does not allege any damages; even assuming Hailey lied about his restrictions, the plaintiff does not state how that caused him any harm. Finally, though he lists Solomon as someone he wants terminated, the plaintiff does not actually name him as a defendant, and fails to allege any facts that Solomon committed a constitutional violation.

As to the remaining claims, these too must be dismissed. The plaintiff's short time in segregation does not implicate due process, particularly in the absence of allegations showing that the nature of such segregation was "exceptionally harsh." *Hardaway v. Meyerhoff*, 734 F.3d 740, 743 (7th Cir. 2013). Further, though his claim regarding denial of medication is a recognized form of "deliberate indifference" to medical need, he fails to state what medication he needed, much less what any of the defendants' roles were in denying him that medication, or what damage he suffered as a result. *See Arnett*, 658 F.3d at 753.

Thus, the plaintiff may proceed only on the following claims:

**Claim One:** Excessive force against defendant Officer Wilbourn for pressing the plaintiff's arms and striking his bullet wound without penalogical justification, in violation of the Eighth Amendment; and

**Claim Two:** Verbal harassment by defendant Officer Wilbourn for his confrontations with the plaintiff which put the plaintiff in fear of physical harm, in violation of the Eighth Amendment.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the defendants Milwaukee County Jail and Nurse Hailey are dismissed from this action;

**IT IS FURTHER ORDERED** that pursuant to the informal service agreement between Milwaukee County and this Court, copies of plaintiff's complaint and this order will be electronically sent to Milwaukee County for service on the Milwaukee County defendant;

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between Milwaukee County and this Court, the defendant shall file a responsive pleading to the complaint within sixty (60) days of receiving electronic notice of this order;

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the warden of the institution where the inmate is confined.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS; doing so will only delay the processing of this matter. As each filing will be electronically scanned and entered on the docket upon receipt by the Clerk of Court, the plaintiff need not mail copies to the defendants. All defendants will be served electronically through the Court's electronic case filing system. The plaintiff should also retain a personal copy of each document filed with the Court.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 5th day of December, 2016.

BY THE COURT:

s/ *J. P. Stadtmueller*
J.P. Stadtmueller
U.S. District Judge

Page 8 of 8

Case 2:16-cv-00981-JPS   Filed 12/05/16   Page 8 of 8   Document 8