# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| RAYMOND HENTZ,<br><br>         Plaintiff,<br>v.<br><br>RANDALL WILBORN,<br><br>         Defendant. | Case No. 16-CV-981-JPS<br><br>**ORDER** |

  Before the Court are various discovery motions filed by both parties. The Court will turn first to Defendant's motion to dismiss for failure to participate in discovery, (Docket #27), as resolution of that motion will moot the others.

  Defendant asks the Court to dismiss this case because Plaintiff has refused to participate in the discovery process. Defendant's attempts at serving written discovery were frustrated from the start because Plaintiff did not maintain a current address with the Court. (Docket #19 at 2-3). Defendant sent his requests unsuccessfully to two different correctional facilities—on January 31 and February 20, 2017—before it learned, due to its own reconnaissance, where the Plaintiff is currently incarcerated, Oakhill Correctional Institution ("Oakhill"). *Id.* On June 6, 2017, Defendant sent correspondence to the Plaintiff at Oakhill advising him that his discovery responses were overdue and requesting that Plaintiff forward responses immediately. *Id.* With the exception of providing requested copies of grievances and one signed medical release, Plaintiff did not provide other requested information, including answers to interrogatories

seeking additional information about the circumstances of and witnesses to the incident underlying his claim, information about his health care providers, or medical authorizations for any entity, including the Department of Corrections, other than the jail where he was incarcerated during the incident in question. (Docket #28 at 4). Plaintiff still, as of Defendant's July 31, 2017 motion to dismiss, has not supplied complete responses to Defendant's discovery requests. *Id.* at 2, 4. Defendant states that Plaintiff never made an effort to contact or communicate with Defendant's counsel regarding the outstanding requests. *Id.* at 2.

Then on July 11, 2017, Defendant served a notice of deposition on Plaintiff, informing him that his deposition would be taken on July 27, 2017. *Id.* at 3. Plaintiff did not contact Defendant's counsel to request that his deposition be rescheduled or canceled, so on July 27 Defendant's counsel and a court reporter traveled to Oakhill to take Plaintiff's deposition. *Id*. As the court reporter attempted to administer the oath, Plaintiff informed Defendant's counsel that he refused to provide any testimony. *Id.* Defendant's counsel states that "[d]espite requesting numerous times, and attempting to obtain [Plaintiff's] agreement to respond to simple background questions, [Plaintiff] insisted that he would not respond without an attorney present." *Id.* at 4. Plaintiff then confirmed to Defendant's counsel that he is not currently represented by an attorney. *Id.*[1]

Understandably frustrated with being forced to expend the time and resources to travel to Oakhill in Oregon, Wisconsin, to take a deposition in

---

[1]Plaintiff filed two motions requesting extensions of time because he is seeking counsel, though he does not specify which deadlines he wants extended. (Docket #23 and #24). Plaintiff could have secured counsel before filing this action. The Court will not extend its deadlines based on the Plaintiff's failure to get his house in order before filing suit. His motions will be denied.

which Plaintiff refused to participate, and having still not received complete written discovery responses, Defendant has requested that the Court dismiss this case either for failure to prosecute under Federal Rule 41(b) or as a discovery sanction under Federal Rule 37. *Id.* at 5.

Dismissal is appropriate here under either Rule 37 or Rule 41(b). The dismissal of a case as a Rule 37 discovery sanction is appropriate when the court finds willfulness, bad faith, or fault on the part of the defaulting party. *Brown v. Columbia Sussex Corp.*, 664 F.3d 182, 190–91 (7th Cir. 2011). Under Rule 41(b), a case can be dismissed when "there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Id.* (quotation omitted). Plaintiff's refusal to answer any questions during his deposition, coupled with his delayed and incomplete responses to written discovery, amount to bad-faith, contumacious conduct. *See Watkins v. Nielsen*, 405 F. App'x 42, 44 (7th Cir. 2010) (dismissal of inmate's Section 1983 action under Rule 37 was appropriate where inmate failed to timely and completely respond to discovery, produced no documents, and failed to attend the final pretrial conference despite a court order to appear). Further, Plaintiff has not attempted to defend his conduct by filing a response to Defendant's motion to dismiss. The Court will, therefore, grant Defendant's motion to dismiss this action in its entirety.[2]

---

[2]Two final matters requiring resolution are the discovery requests that Plaintiff improperly filed as discovery motions. First, Plaintiff filed a "motion to compel" asking that the Court order non-party Milwaukee County Jail to produce certain video footage. (Docket #25). Plaintiff does not state that the Milwaukee County Jail failed to produce such information in response to a properly served subpoena; he simply asks the Court to collect the footage on his behalf. Next, Plaintiff filed a "motion to produce witnesses [sic]" requesting that the Court make nine witnesses available for something, but Plaintiff does not specify whether he wants to take their depositions, have them appear at trial, or something else.

Accordingly,

**IT IS ORDERED** that Plaintiff's motions for extension of time (Docket #23 and #24) be and the same are hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion to compel (Docket #25) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion to produce witnesses (Docket #26) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Defendant's motion to dismiss (Docket #27) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Defendant's motion to compel (Docket #18) be and the same is hereby **DENIED as moot;** and

**IT IS FURTHER ORDERED** that this case be and the same is hereby **DISMISSED.**

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 29th day of August, 2017.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge

---

(Docket #26). To the extent these motions are an attempt at discovery, they are improper; Plaintiff was warned in the Court's Scheduling Order that discovery requests are to be mailed to the party from whom discovery is sought, and not simply filed with the Court. (Docket #13). Plaintiff's motions will be denied.